FILED 25 SEP '24 10:15USDC-ORP

# Response to Motion for Emergency Injunction

RE: Case 3:24-CV-575-JR
Plaintiff: Mervin W January
Defendant: Sarita J Hill
5653 Southern Fern RD
Garland, TX 75043

## UNITED STATES DISTRICT COURT DISTRICT OF OREGON

**Plaintiff: Mervin W January**

Case No.3:24-CV-575-JR

**RESPONSE TO MOTION FOR EMERGENCY INJUNCTION**

V.

**Defendant: Sarita J Hill**

This is a response to the request made by the plaintiff Mervin W January for an emergency injunction.

I Sarita J. Hill is speaking on behalf of Sarita J Hill only. I am representing the interest of Sarita J Hill and Jonathan C Hill only.

**I request that the Judge/Court deny the request for an emergency injection.** I have not collaborated with anyone, I have never in the past or present hired a private investigator, created, facilitated, posted, commented or shared any information on any social media outlet about Mervin W January. I have not contacted any of his employers, business partners, clients, church members or family except for his wife.

Over the past 20 years, Mervin W January has refused to pay child support as instructed by the court. I have had to work a minimum of 2 jobs to provide for Jonathan Hill. The only time I took Mervin W January to court was to establish paternity and child support. I have tried over the years to establish communication with Mervin W January and his spouse only to be told on multiple occasions not to contact him and not to respond to his emails. I have never told Mervin W January that he could not see his son. I have updated him and called him in emergencies. When Jonathan Hill attempted to take his own life, I contacted Mervin W January and he said that he would not call Jonathan Hill at the hospital and did not attempt to come and see him. **All of the accusations that Mervin W January are making against me are completely false.**

**I am requesting that the judge/court enforce the judgement that is currently in place from the courts in Arizona as a result of Mervin W January suing me.** Mervin W January has been ordered to pay me $600 a month which he has not done. Please note that he was not cooperative and did not show for some of the court dates which he requested.

Mervin W January is currently in contempt/violation of the attached court ordered judgement.

Thank you, Sarita J Hill - Filed By: Sarita J Hill    *Sarita J Hill*  9/24/24

FILED 25 SEP '24 10:15 USDC-ORP

**CLERK OF THE SUPERIOR COURT**
**FILED**
**NOV 0 3 2022** 9:15AM
B. Schmitz, Deputy

MARK BRNOVICH
Attorney General
Rebecca C. Rennick, State Bar No. 022777
Assistant Attorney General
Office of the Attorney General – Maricopa East
125 E. Elliot Road
Chandler, AZ 85225-0810
(480) 491-1339
CSSEAG@AZAG.GOV
ATLAS No: 000605275401

## ARIZONA SUPERIOR COURT
## MARICOPA COUNTY

| | |
|---|---|
| In re the Matter of<br><br>SARITA JAN HILL,<br><br>Petitioner,<br><br>v.<br><br>MERVIN WRAY JANUARY,<br><br>Respondent. | Case No: FC2007092181<br><br>ENFORCEMENT JUDGMENT AND ORDER |

    This matter having come before the Court on __11/1/2022__, the Court finds that it has both subject matter jurisdiction, and personal jurisdiction over the parties, and that:

    1. MERVIN WRAY JANUARY, hereinafter Obligor:
    ( )    has failed to appear;
    ( )    is present without counsel;
    (X)    is present and represented by counsel:    via Microsoft Teams
    Counsel's Name: __Robert Larson__

    2. SARITA JAN HILL, hereinafter Obligee:
    ( )    has failed to appear;
    ( )    is present without counsel;
    (X)    is present and represented by counsel:    via Microsoft Teams
    Counsel's Name: __Jennifer Walston__

3. The State of Arizona is represented by the above-named attorney.

4. SARITA JAN HILL and MERVIN WRAY JANUARY, whose date of birth is 10/29/1969, are the natural or adoptive parents of, and have a duty to support the following person(s):

| Name (s) | Date of Birth |
|---|---|
| JONATHAN CORNELIUS HILL | 03/27/2004 |

5. Obligor has a valid order to pay child support and had actual knowledge of the order.

6. Obligor failed to make support payments as previously ordered or some reasonable portion thereof, despite his/her ability to do so. The court finds that the Obligor had the ability to pay based upon the following:

_____
_____
_____
_____

7.  Obligor is in contempt of Court:
    ( )  for willful failure to comply with a valid support order within the last year of which Obligor had knowledge;
    ( )  for failure to appear as ordered;
    ( )  for failure to bring to this hearing all documents listed in the Order to Appear, or in other orders;

## ORDER

IT IS ORDERED:

A. The court adopts the arrears calculation dated __9/1/2022__, Version Name __NMW/21/003__, as the findings of the court incorporated in this order by reference. Judgment is entered against Obligor in favor of Obligee in the amount of $ __52,066.84__ for the period from __11/1/2007__ through __8/31/2022__ for principal arrearages. Interest shall continue to accrue on the principal amount at the legal rate.

B. In regard to interest on arrearages:

( )   There is no determination as to interest which accrued prior to this judgment and no prejudice to any State/Obligee as to this issue.

(X)   Judgment is entered against Obligor and in favor of Obligee in the amount of $ __42,549.54__ for the period from __11/1/2007__ through __8/31/2022__ for interest on the arrears set forth in paragraph A above.

C. Obligor shall pay:

| | |
|---|---|
| Current Child Support | |
| Spousal Maintenance | |
| Cash Medical Support | |
| Payment on Support Arrears | $600.00 |
| Other | |
| SUB-TOTAL | $600.00 |
| Clearinghouse handling fee** | 8.00 |
| TOTAL PER MONTH | $608.00 |

The next payment(s) shall be due __11/1/2022__, and continuing the same day of each month thereafter. Failure to make such payment(s) may result in a finding of contempt which may result in sanctions, including incarceration.

D. (X) The Division of Child Support Services shall not adjust the payment on arrears in this matter by administrative income withholding order without further order of the court.

E. An assignment of Obligor's wages, earnings or entitlements shall be issued.

F. Obligor is personally responsible for the timely payment of support and fees. At any time an employer/payor is not paying pursuant to the Order of Assignment, Obligor must make timely payment of support and fees. Failure to make timely payment of support may result in a finding of contempt which may result in sanctions, including incarceration.

G. All payments of support shall include the court case number and the ATLAS number which appear on Page 1 of this judgment and be sent to:

Clearinghouse
P.O. Box 52107
Phoenix, AZ 85072-2107

Payments not made through the Clearinghouse may be considered gifts.

H. This order is presumed to terminate on __n/a__, when the youngest child who is a subject of this order is expected to emancipate. The presumptive date may be modified upon changed circumstances.

I.  Having found Obligor in contempt, IT IS FURTHER ORDERED THAT:

( ) The Obligor had personal notice of this hearing, but failed to appear as ordered. A child support arrest warrant shall be issued to bring Obligor before the court. The release amount shall be $_____ which shall, when paid, be credited pursuant to A.R.S. § 25-502.

( ) The Obligor shall be immediately incarcerated in the county jail for an indefinite period of time until Obligor shall have paid the sum of $_____ cash through the Clerk of the Superior Court or by deposit with the Sheriff to purge the contempt, at which time Obligor shall be conditionally released from custody. Any purge payment paid to the Clerk or the Sheriff shall be applied to the child support and/or arrearages established herein, and the Sheriff shall transmit all such sums to the Clerk as soon as possible.

( ) Obligor has until _____ to purge the contempt by payment of $_____ to the Clearinghouse or the Clerk of the Superior Court.

( ) If Obligor fails to pay said sum by that date, Obligor shall report to this Division by 3:00 p.m. on the next court day and pick up the necessary paperwork to self-surrender at the county jail.

( ) The Court finds that Obligor has the present ability to comply with the purge based upon:

_____
_____
_____

J. ( ) IT IS FURTHER ORDERED that should Obligor not pay the purge amount and/or self-surrender as ordered above, or appear for the scheduled review hearing, a Child Support Arrest Warrant shall issue for the arrest of Obligor. Upon arrest, Obligor shall be incarcerated in the county jail for an indefinite period of time until Obligor shall have paid the sum of $_____ cash through the Clerk of the Superior Court or by deposit with the Sheriff, at which time Obligor shall be conditionally released from custody. Any purge payment paid to the Clerk or the Sheriff shall be applied to the child support and/or arrearages established herein, and the Sheriff shall transmit all such sums to the Clerk as soon as possible.

K. ( ) IT IS FURTHER ORDERED that Obligor remain current on his support obligation for a period of _____ months beginning on the first of the month after this order. In the event of failure to make the monthly support payments, arrearages payments and purge amount(s), an affidavit/certificate of non-compliance from either the person entitled to receive support or the State may cause an order to issue for Obligor to appear and show cause why Obligor should not be incarcerated in accordance with the Court's finding of contempt, to determine compliance by Obligor with the ongoing purge provisions of this Court's contempt order, and:

1. Subsequent order(s) to appear before the Court for non-compliance shall be considered as a continuation of the order to appear for the initial contempt hearing;
2. The Obligor shall keep his/her mailing address current with the Clerk of the Court and DCSE;
3. The mailing to Obligor's address of an order to appear to determine non-compliance shall constitute notice to Obligor of Obligor's continuing duty to appear;
4. Obligor shall appear at the time and location specified in the order to appear;
5. Failure by the Obligor to appear at the time and location set for hearing to determine non-compliance may result in the issuance of a Child Support Arrest Warrant for the Obligor.

( ) Obligor is or may be unemployed. Obligor shall apply for a minimum of _____ jobs weekly, and shall make and keep a list of each job contact made, and shall bring the list to any review hearing or subsequent hearing regarding child support. The list shall contain the name, address and telephone number of each person contacted, date of contact and results of the contact.

L. The State or Obligee may utilize all enforcement remedies available at law to collect outstanding amounts due, even if payments are being made. This includes, but is not limited to; interception of tax refunds, lottery winnings, unemployment or workers compensation benefits, asset and vehicle title liens, financial account seizures, passport denials, and reporting to credit bureaus.

M. (X) This case is set for review on __02/07/2023__ at __9:30 am__ for the purpose of:
    ( ) Determining arrearages, and an appropriate payment thereon;
    (X) Determining issues of and/or sanctions for contempt; whether the purge has been paid or should be adjusted;
    ( ) Reviewing Obligor's employment status and/or if an order of assignment is in place
    (X) Other:
    __Reviewing if Father has continued to comply with his monthly obligation.__

N. (X) Obligor and (X) Obligee is/are personally advised of the review date:
    (X) in open court.
    ( ) as indicated by their initials CP _____ NCP _____
and that his/her failure to appear may result in the issuance of a Child Support Arrest Warrant and/or award of a judgment for the relief requested.

O. ( ) In regards to this order:

_____ Obligor acknowledges that (s)he has been informed of his/her right to a hearing before a judicial officer on this matter, and that (s)he is consenting to this order of his/her free will, without having been threatened or coerced.

_____ Obligee acknowledges that (s)he has been informed of his/her right to a hearing before a judicial officer on this matter, and that (s)he is consenting to this order of his/her free will, without having been threatened or coerced.

P. ( ) Other findings and orders:

_____
_____
_____
_____
_____
_____
_____

Q. ( ) No further matters remain pending and this judgment is entered pursuant to Arizona Rule of Family Law Procedure 78(C).

R. ( ) All matters related to child support have been resolved, there is no just reason for delay, and this judgment is entered pursuant to Arizona Rule of Family Law Procedure 78(B).

S. ( ) continued on page(s) _____ attached hereto and incorporated by reference.

Dated: 11-2-2022

_____
Superior Court Judge/Commissioner
COMMISSIONER SHELLIE SMITH

Approved as to form and content:

_____     _____
Obligor                              Obligee

_____     _____
Attorney for Obligor                 Attorney for Obligee

/s/ Rebecca C. Rennick
Attorney for the State               ATLAS No. 000605275401

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
11/14/2022 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2007-092181                                                  11/01/2022

HONORABLE SHELLIE SMITH                  CLERK OF THE COURT
                                                                       E. Schmitz
                                                                           Deputy

IV-D Atlas No. 000605275401
STATE OF ARIZONA, EX REL, DES
SARITA JAN HILL                                      JENNIFER L WALSTON

AND

MERVIN WRAY JANUARY                      ROBERT L LARSON

                                                           AG-CHILD SUPPORT-EAST VALLEY
                                                           OFFICE
                                                           COMM. SHELLIE SMITH

MINUTE ENTRY

Courtroom 304 - SEF

9:02 a.m. This is the time set for IV-D Review Hearing. Petitioner/Mother, Sarita Jan Hill, is present with above-named counsel. Respondent/Father, Mervin Wray January, is present with above-named counsel. The State is represented by Assistant Attorney General, Rebecca Rennick.

A record of the proceedings is made digitally in lieu of a court reporter.

**LET THE RECORD REFLECT** all participants appear via the Court Connect platform.

**LET THE RECORD FURTHE REFLECT** this hearing was set today to allow the State to prepare an updated arrears calculation. This is now an arrears-only case.

The State presents a summary of the case. Father has made is August, September, and October payments of $600.00 per month.

Docket Code 056                                  Form D000B                                Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2007-092181                                                              11/01/2022

Based on the information presented,

**IT IS ORDERED** adopting the arrears calculation prepared by the State and entering Judgment against Father and in favor of Mother in the principal arrears amount of $52,066.84 and $42,549.54 in interest on arrears for the period from November 1, 2007 through August 31, 2022.

**IT IS ORDERED** Father shall pay to Mother the sum of $600.00, as and for child support arrears commencing November 1, 2022, and continuing on the same day of each month thereafter. Said amount is to be paid through the Support Payment Clearinghouse by Income Withholding Order.

**IT IS FURTHER ORDERED** an Income Withholding Order shall issue to Father's employer for child support arrears of $600.00 per month, plus $8.00 Clearinghouse fee, for a total Income Withholding Order of **$608.00** per month.

Obligor shall pay by Income Withholding Order a monthly Support Payment Clearinghouse fee which is set by Rule, and which is subject to change.

**IT IS FURTHER ORDERED** that any time an Income Withholding Order is not paying the child support obligation in full, Father shall make full and timely payments directly to the Support Payment Clearinghouse in accordance with the Instructions for Making Support Payments found in the Family Court Forms section at: https://www.clerkofcourt.maricopa.gov/services/family-juvenile-adoptions/child-support-payments

Failure to make timely payment of support may result in a finding of contempt, which may result in sanctions, including incarceration.

**IT IS FURTHER ORDERED** setting an IV-D Review Hearing for **February 7, 2023, at 9:30 a.m.** in this Division, via video conference using Court Connect. Information regarding access to this Division's virtual courtroom is listed below:

Parties will receive a call from a Family Court Conference Officer prior to the Conference. If parties do not receive a call, they may contact Family Court Administration at **602-506-1561**.

This Division will conduct your hearing using the Microsoft Teams platform. Please refer to the following instructions in order to properly appear for the hearing.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2007-092181								11/01/2022

### Virtual Courtroom

**Please join my meeting either by web by using this link:**
tinyurl.com/jbazmc-sec03

**or join by phone by dialing this number:**
United States: +1 (917) 781-4590
Access Code: 930 542 366#

**IT IS FURTHER ORDERED** that if a call is disconnected or if the parties have any difficulty connecting into the hearing, they may contact the Division at 602-506-1190.

9:16 a.m. Matter concludes.

All parties representing themselves must keep the Court updated with address changes. A form may be downloaded at:
http://www.superiorcourt.maricopa.gov/SuperiorCourt/LawLibraryResourceCenter/