IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MERVIN W. JANUARY**, | Case No. 3:24-cv-575-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **BRESHAWN N. HARRIS** and **SARITA J. HILL**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Mervin W. January, representing himself, brings this case against Defendants Breshawn N. Harris and Sarita J. Hill, with whom he has children and owes child support obligations. Plaintiff alleges that Defendants conspired to harass and defame Plaintiff and posted defamatory information about Plaintiff on a private Facebook group called "Deadbeat Fathers." Plaintiff alleges that the harassment and posting of information on the internet by Defendants has caused Plaintiff severe mental distress, negatively affected his reputation, and resulted in him losing several jobs and the diminishment of his ministry opportunities.

Plaintiff filed a document titled "Memorandum in Support of Plaintiff's Motion for Emergency Injunction." ECF 12-1. Plaintiff filed no other document relating to his request for an

injunction (other than a cover sheet), so the Court construed Plaintiff's memorandum as a motion for temporary restraining order (TRO) and ordered defendant Sarita J. Hill, the only defendant who has appeared in this litigation, to respond to the motion. Ms. Hill, representing herself, filed a response opposing the motion. ECF 18.

In deciding whether to grant a motion for TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).] A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) that an injunction is in the public interest. *Id.* at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *See All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met."[1] *Id.* at 1132. Thus, a preliminary injunction

---

[1] The Ninth Circuit appears to have narrowed the "serious questions" test to serious factual questions that need to be resolved, *see Assurance Wireless USA, L.P. v. Reynolds*, 100 F.4th 1024, 1031 (9th Cir. 2024), although the cases cited for that proposition do not limit the serious questions test only to factual disputes. Regardless of the contours of the serious questions

may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

Plaintiff argues in his motion that due to the allegedly defaming information posted online about him by Defendants, he has lost three "6-figure income jobs," had his church membership decline from 75 members to five members, and had his driver's license suspended. Ms. Hill responds that she has not posted anything online about Plaintiff and has not contacted any of his employers or church members. Ms. Hill explains that Plaintiff has never paid child support despite being ordered to do so by a court, and she supports that statement with a copy of a Judgment from the Arizona Superior Court in Maricopa County.

In his motion for TRO, Plaintiff does *not* request that the Court enjoin *Defendants* from doing anything. Instead, Plaintiff requests that the Court enjoin the two Oregon state child support division caseworkers assigned to the cases involving each respective Defendant from having Plaintiff's driver's license suspended.

The Court need not reach the merits of Plaintiff's motion, however, because the Court cannot provide the relief requested. Enjoining the two Oregon child support division caseworkers is not a proper form of relief that the Court may grant in this action for two reasons. First, Plaintiff's child support obligations and enforcement by the child support division in Oregon arise from judgments issued by state courts. Under what is known as "the *Rooker-Feldman* doctrine," this federal court lacks jurisdiction to hear Plaintiff's essentially collateral attack on those state court judgments. *See Noel v. Hall*, 341 F3d 1148, 1154, 1158 (9th Cir. 2003) (explaining that the doctrine prevents federal courts from hearing appeals of state courts or *de*

---

test, however, Plaintiff's motion fails because he seeks relief against parties outside the jurisdiction of the Court.

*facto* appeals from a state court decision and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision"); *see also Riley v. Knowles*, 2016 WL 259336, at *3 (E.D. Cal. Jan. 21, 2016) (finding request to "vacate" family court order and child support debt to be a *de facto* appeal of state court order directing plaintiff to pay child support); *Rucker v. Cnty. of Santa Clara*, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (dismissing, under *Rooker-Feldman*, a complaint alleging that garnishment of disability benefits for child support payments was unconstitutional, because the constitutional challenge was "inextricably intertwined" with state court's judgment regarding child support obligations). In short, a federal court may not sit as a *de facto* state court of appeals to review general enforcement decisions by a state child support agency regarding child support judgments issued by a state court.

Second, Rule 65(d)(2) of the Federal Rules of Civil Procedure establishes the persons or entities against whom a federal court has jurisdiction to issue an injunction. Under that rule, a federal court may issue an injunction against the parties in a lawsuit as well as their agents, officers, and employees, and any others who are in "active concert or participation" with those persons. Here, however, Plaintiff has not explained how the two state agency caseworkers, who are not parties in this lawsuit, come within the scope of Rule 65(d)(2). *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *see also Lipsey v. Kalil*, 2021 WL 913163, at *4 (E.D. Cal. Mar. 10, 2021 ("[B]ecause they are not defendants, the court does not have jurisdiction over the appeals coordinator or third-level reviewer unless Plaintiff provides facts showing that they are Defendants' agents or are acting 'in active concert or participation'

with Defendants, which he has not done." (citations omitted)), *report and recommendation adopted*, 2021 WL 1402220 (E.D. Cal. Apr. 14, 2021).

For the reasons stated in this Order, the Court lacks jurisdiction to provide the specific relief requested by Plaintiff. Thus, the Court DENIES Plaintiff's motion for temporary restraining order (ECF 12).

**IT IS SO ORDERED.**

DATED this 23rd day of October, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge