IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MERVIN W. JANUARY**, | Case No. 3:24-cv-575-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **BRESHAWN N. HARRIS** and **SARITA J. HILL**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Mervin W. January, representing himself, filed this case on April 4, 2024, against Breshawn N. Harris and Sarita J. Hill, with whom he has children and owes back child support obligations. Plaintiff alleges that Defendants Harris and Hill conspired to harass and defame him and posted defamatory information about him on a private Facebook group called "Deadbeat Fathers." ECF 1. Plaintiff further alleges that the harassment and posting of information on the internet by Defendants has caused Plaintiff severe mental distress, negatively affected his reputation, and resulted in him losing several jobs and the diminishment of his ministry opportunities. *Id.*

PAGE 1 – ORDER

Defendant Hill has answered the complaint, denying all allegations as false and asserting counterclaims against Plaintiff for defamation, harassment, emotional distress, back child support, and past and future attorney's fees. ECF 11. Regarding Defendant Harris, on July 11, 2024, Plaintiff filed a notice of non-service, enclosing information describing the attempted service of process on Defendant Harris by the Maricopa County Sheriff's Office. ECF 6-1. On July 26, 2024, Plaintiff filed a notice stating that Defendant Harris had responded to Plaintiff's attempts to serve this lawsuit by obtaining an order of protection against Plaintiff, and attached the order of protection. ECF 8, 8-2. Plaintiff did not request an extension of time to serve Defendant Harris or request an appropriate alternative service method.

On July 8, 2025, U.S. Magistrate Judge Jolie A. Russo issued an Order to Show Cause why Defendant Harris should not be dismissed from this action for lack of service under Rule 4(m) of the Federal Rules of Civil Procedure. ECF 38. Plaintiff failed timely to respond to the Order to Show Cause.

On August 4, 2025, Judge Russo issued Findings and Recommendation, recommending that Defendant Harris be dismissed from this lawsuit for Plaintiff's failure to serve and failure to follow a Court Order, and the claims against Defendant Hill be transferred to the undersigned U.S. District Court Judge for trial. ECF 39. Objections to Judge Russo's Findings and Recommendation were due August 18, 2025. Plaintiff did not file any objections.

On August 6, 2025, Plaintiff filed a motion requesting additional time to serve Defendant Harris. ECF 41. Judge Russo referred that motion to the undersigned U.S. District Court Judge. ECF 42. In this Order, the Court resolves Plaintiff's motion and the pending Findings and Recommendation together.

### A. Standards

#### 1. Service of Process

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

This rule "provides that an action against a defendant shall be dismissed without prejudice if that defendant is not served with a copy of the summons and complaint within [90] days after the filing of the complaint, unless the plaintiff can show good cause why service was not made within the [90] day period." *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987). The good cause standard applies even when the service issue "is raised by the judge on his own initiative." *Id.* (quoting *United States ex rel. DeLoss v. Kenner Gen. Contractors, Inc.*, 764 F.2d 707, 711 (9th Cir. 1985)). Ignorance of the time constraints of Rule 4(m) does not constitute good cause. *Id.* Further, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

#### 2. Review of Findings and Recommendation

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's findings and recommendations, "the

court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

**B. Discussion**

Plaintiff argues that he needs additional time to serve Defendant Harris because she previously evaded service and responded to the service attempts by obtaining an order of protection. Those events, however, occurred in July 2024, more than one year ago. Plaintiff offers no explanation for why he made no effort to serve Defendant Harris over the past year or request additional time or alternative service.

Plaintiff's lack of diligence fails to establish good cause. *See, e.g.*, *Patagonia, Inc. v. T-shirt At Fashion LLC*, 2023 WL 6369760, at *1 (C.D. Cal. Feb. 8, 2023) ("Plaintiff's belated effort seeking additional time to serve defendants was not filed until after Federal Rule of Civil Procedure 4(m)'s deadline to serve defendants and . . . Plaintiff ha[s] not established the diligence necessary to justify a continuance of Rule 4(m)'s deadline."); *see also id.* ("Because it

delayed efforts to serve defendants for that period, Plaintiff has not established good cause for the delay in timely serving defendants."); *Savaedi v. Dep't of Homeland Sec.*, 2021 WL 2711178, at *1 (E.D. Cal. July 1, 2021) ("[P]laintiff has not shown reasonable diligence, and offered no other good cause explanation for the delay in service. Thus, this case should be dismissed."), *report and recommendation adopted*, 2021 WL 3472227 (E.D. Cal. Aug. 6, 2021). The Court, therefore, must dismiss this case as against Defendant Harris and deny Plaintiff's motion for an extension of time for service.

Grounds also exist to dismiss Defendant Harris from this case under Rule 41(b) of the Federal Rules of Civil Procedure. This rule provides that a court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). The Ninth Circuit has set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

For the first factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). The second factor favors dismissal because "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Id.* The third factor "at least marginally favors dismissal."

*Patagonia*, 2023 WL 6369760, at *2. Generally, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *See Pagtalunan*, 291 F.3d at 642. Unreasonable delay, however, creates a presumption of prejudice. *See In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). The unexplained delay of 13 months without further attempted service is unreasonable.

The fourth and fifth factors favor dismissal. By requiring Plaintiff to respond to the Order to Show Cause as to why Defendant Harris should not be dismissed from this case for failure to serve under Rule 4(m) (meaning failure to prosecute and failure to comply with the Federal Rules of Civil Procedure), Judge Russo provided notice to Plaintiff that the claims were subject to dismissal and that failure to respond to the Order to Show Cause would result in dismissal. Plaintiff failed to respond to the Order to Show Cause. Plaintiff's untimely motion to extend time for service, filed after Judge Russo issued her Findings and Recommendation to dismiss this case, failed "to demonstrate that Plaintiff's efforts to serve defendants or to otherwise prosecute Plaintiff's claim against defendants show diligence." *Patagonia*, 2023 WL 6369760, at *2. "Additionally, the Court is adopting the 'less-drastic' sanction of dismissal of the un-served defendant without prejudice." *Id.*

The Court DENIES Plaintiff's Motion, ECF 41, requesting an extension of time to complete service of process on Defendant Breshawn N. Harris. The Court ADOPTS Judge Russo's Findings and Recommendation, ECF 39. The Court DISMISSES Defendant Harris from this action, without prejudice.

**IT IS SO ORDERED.**

DATED this 25th day of August, 2025.

/s/ *Michael H. Simon*  
Michael H. Simon  
United States District Judge